## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CLARK and MICHELE CLARK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 15-CV-995-SMY-PMF |
| | ) |
| LOCKHEED MARTIN CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant BASF Corporation's Motion to Dismiss for Lack of Jurisdiction (Doc. 12), Defendant Goodyear Tire & Rubber Company's Motion to Dismiss for Lack of Jurisdiction (Doc. 17), Defendant Pfizer Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 29), Defendant J-M Manufacturing Company, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 33), Defendant United Technologies Corporation's Motion to Dismiss for Lack of Jurisdiction (Doc. 34), Defendant Rockwell Automation, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. 37), Defendant Welco Manufacturing Company's Motion to Dismiss for Lack of Jurisdiction (Doc. 44), Defendant MW Custom Papers LLC's Motion to Dismiss for Lack of Jurisdiction (Doc. 59), Defendant Meadwestvaco Corporation's Motion to Dismiss for Lack of Jurisdiction (Doc. 62), and Defendant Georgia Pacific Corporation's Motion to Dismiss for Lack of Jurisdiction (Doc. 149).  Defendants' motions were filed between September 17, 2015 and October 29, 2015.  Plaintiffs' responses were due between October 22, 2015 and December 3, 2015.  However, Plaintiffs have failed to file a response to any of the pending motions to dismiss.  For the following reasons, the motions are **GRANTED**.

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so in this case. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").

Defendants each argue that this Court lacks jurisdiction over them in this matter. In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). A district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiffs' Complaint alleges John Clark was exposed to asbestos from Defendants' products while serving in the U.S. Air Force and during his employment at McDonald Douglas and Boeing (Doc. 1-1). The Complaint is devoid of allegations that Plaintiffs' alleged injuries arose out of or relate to the

Defendants' contacts with Illinois.  As such, this Court lacks specific personal jurisdiction over the claims against these Defendants.

General jurisdiction arises over a foreign corporation "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear*, 131 S. Ct. at 2851.  With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction."  *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

Here, Defendants are not incorporated nor maintain their principal place of business in Illinois.[1]  Further, Defendants' affiliations with Illinois are not "so continuous and systematic" as to render Defendants at home in Illinois.  Accordingly, the Court **GRANTS** Defendants' motions to dismiss.  As no Counts remain pending against these Defendants, the Clerk of Court is directed to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  January 6, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[1] BASF Corporation is a Delaware corporation with its principal place of business in New Jersey; Goodyear Tire & Rubber Company is an Ohio corporation with its principal place of business in Ohio; Pfizer Inc. is a Delaware corporation with its principal place of business in New York; J-M Manufacturing Company, Inc. is a Delaware corporation with its principal place of business in California; United Technologies Corporation is a Delaware corporation with its principal place of business in Connecticut; Rockwell Automation, Inc. is a Delaware corporation with its principal place of business in Wisconsin; MW Custom Papers is a Delaware corporation with its principal place of business in Virginia; Meadwestvaco Corporation is a Delaware corporation with its principal place of business in Virginia; Welco Manufacturing Company is a dissolved Missouri corporation; and Georgia Pacific is a Delaware limited liability company whose principal places of business are in Georgia and Kansas.